UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL
DOCKET NO.:
DISTRICT JUDGE:
MAGISTRATE JUDGE:

LAURIE DUNCAN,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**DEFENDANT, WAL-MART STORES EAST, LP.'S NOTICE OF REMOVAL**

    Defendant, WAL-MART STORES EAST, LP, ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Nineteenth Judicial Circuit Court in and for Indian River County, Florida, Case No. 2022-CA-000021, with full reservation of rights, exceptions, and defenses, and in support thereof states:

**I.    BACKGROUND**

    1.    On or about January 13, 2022, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores East, LP in the Nineteenth Judicial Circuit Court in and for Indian River County, Florida. (See Pl.'s Compl. attached as Exhibit A.) The Complaint was served on Walmart on January 19, 2022.

1

2. Plaintiff, LAURIE DUNCAN, alleges a claim for premises liability against Walmart as a result of injuries she allegedly sustained on September 6, 2020, at the Walmart store located at 2001 US Highway #1, Sebastian, FL 32958. (Ex. A.)

3. Plaintiff's Complaint is removable based on diversity of citizenship of the parties and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

4. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Nineteenth Judicial Circuit of the State of Florida in and for Indian River County together with a docket sheet from the Clerk of the Court. (Attached as Composite Exhibit B.)

5. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.     REMOVAL IS TIMELY

6. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's verified Answers to Interrogatories that identified Plaintiff's past medical bills exceeding $75,000 exclusive of interest, costs, and attorneys' fees.

7. Plaintiff's verified Answers to Interrogatories are the first "other papers" received after the filing of this action, from which it could be ascertained that the case is one that was removable. The thirty (30) day period commenced on June 7, 2022 when Plaintiff filed these responses.

8. Venue exists in the United States District Court for the Southern District of Florida, because the Nineteenth Judicial District in and for Indian River County, Florida where Plaintiff filed her state court Complaint against Walmart, is located within the Southern District of Florida.

### III.   THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

9. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

10. Walmart Stores East, LP is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Walmart Stores East, LP is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

11. Hence, Defendant, Walmart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

12. When the incident occurred, Plaintiff was a citizen of the State of Tennessee residing in Blount County, Tennessee. (See ¶2, Exhibit A).

13. In her sworn Answers to Interrogatories, Plaintiff identifies her place of residence to be in Okeechobee, Florida at the present time.

14. The 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."

Cir. 2002). Further, a "person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005) (quoting McCormick, 293 F.3d at 1257–58).

15. Plaintiff's domicile in Okeechobee, Okeechobee County, Florida is equivalent to her citizenship for purposes of establishing diversity. McCormick, 293 F.3d at 1257.

16. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### IV. AMOUNT IN CONTROVERSY

17. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

18. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum—"This is an action for damages in excess of Thirty Thousand Dollars and Once Cent," (Ex. A, ¶ 1)—a review of the full Complaint, Plaintiff's Answers to Interrogatories, and Plaintiff's medical bills and records that she produced with her discovery responses confirm that the claimed amount in controversy exceeds $75,000.00.

19. Plaintiff alleges in her Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff "was injured in and about her body and

extremities, suffered pain therefrom, disability mental anguish, loss of capacity for the enjoyment of life, **expenses of hospitalization, medical and nursing care and treatment**, incurred medical treatment in the treatment of her injuries, suffered physical handicap and her working ability was impaired and his injuries are either permanent or continuing in nature...." (Ex. A, ¶ 12.)(emphasis added).

20. According to the Plaintiff's Answers to Interrogatories, Plaintiff has incurred at least $77,750.61 in medical bills with the bills for an additional medical provider unaccounted for.

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id (citing Williams v. Best Buy Co., 269 F.3d 1316,

1320 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000).

23. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, the medical records and asserted medical bills, and Answers to Defendant's Interrogatories, the amount in controversy exceeds the requisite $75,000.00.

24. The medical bills currently total at least $77,750.61, and this does not take into account potential future medical bills, Plaintiff's alleged future compensatory damages, or Plaintiff's past and future non-compensatory damages, such as "mental anguish" and "loss for the capacity for the enjoyment of life." (Ex. A, ¶ 11.)

25. Thus, considering all of the information, the matter exceeds the $75,000.00 amount-in-controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information provided in Plaintiff's pre-suit demand letter, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000 is in controversy, together they suffice." Stephenson v. Amica Mutual Ins. Co., 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014).

## V.   CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds

$75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Nineteenth Judicial Circuit in and for Indian River County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2022-CA-000021, on the docket of the Court for the Nineteenth Judicial Circuit in and for Indian River County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

*/s/ Amanda J. Sharkey Ross*
Amanda J. Sharkey Ross

I HEREBY CERTIFY that on July 1, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Brian D. Glatzer, Esquire
Bernstein and Maryanoff
15055 S.W. 122nd Avenue
Miami, FL  33186
Telephone (305) 252-6700 ext. 228
Facsimile   (305) 252-6715

brian@911injured.com
scontreras@911injured.com
*Attorney for Plaintiff*

                                                      */s/ Amanda J. Sharkey Ross*
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone (239) 344-1249
Facsimile  (239) 344-1542
*Attorneys for Defendant*
amanda.ross@henlaw.com
tracey.salerno@henlaw.com

8